be avoided by resignation. I cannot agree with this contention, which would involve a very forced construction of the section. The defendant is still a stockholder, but the liability sought to be enforced in this action is that of a member engaged in the bottling business. It is not created by the by-laws, and, if it exist at all, it must be by force of some rule or regulation lawfully adopted. The obligation to pay the prices for which the plaintiff sues is alleged in the complaint, but denied in the answer, and no proof of it was made upon the trial. It cannot therefore be held upon the proof that the defendant is compellable to pay, either as a stockholder or as a member, the prices sued for by reason of the mere fact that the plaintiff has incurred some expense under its agreement with Labretta Bros. That the defendant agreed to pay the prices sued for while a member may perhaps be assumed from the course of dealing, but that assumption cannot be extended to a liability which has never been admitted. Whether any pecuniary obligation exists on the defendant's part as a stockholder need not be determined. Assuming that its membership was terminated on June 10, 1900, the plaintiff was still obliged to collect its bottles under the Labretta contract until June 1, 1901, in common with all other bottles of nonmembers found upon the dumps or scows, and cannot recover any arbitrary sum therefor, either under the provisions of section 8 of article 8 of the by-laws or under any other rule or regulation which has been disclosed.

It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

PEOPLE ex rel. BIBB MFG. CO. v. WELLS et al., Commissioners of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. TAXATION—ASSESSMENTS—REVIEW—CERTIORARI—ADDITIONAL PROOF.
    Since a hearing on the return to a writ of certiorari to review an assessment on relator's property is in substance a new trial, rendering the whole subject of the assessment open to consideration, additional proof may be offered on such hearing, which the court, in making its decision, must consider.
    O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the Bibb Manufacturing Company, to James L. Wells and others, as commissioners of taxes and assessments of the city of New York, to review an assessment on relator's property. From an order dismissing the writ, the relator appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robt. W. B. Elliott, for appellant.
James M. Ward, for respondents.

PATTERSON, J. The appeal of the relator herein is from an order and judgment dismissing a writ of certiorari which it had obtained to correct the assessment of its property for the purposes of taxation for the year 1902. The relator is a foreign corporation, organized under the laws of the state of Georgia. It manufactures goods; its factories being located at Macon, in that state. The business carried on by it in the city of New York is the selling of cotton goods by sample, and it maintains an office in the city of New York. Its sales are made by the exhibition of samples to purchasers. When orders are obtained, they are sent to Georgia, and the goods are shipped directly from Georgia to the purchasers. Payments are remitted directly to Georgia by the purchasers. The goods are not paid for in New York. In January, 1902, the relator had fixtures in the office worth $350, and samples of goods worth $1,744; and on the second Monday of January, 1902, it had standing to its credit on deposit in banks in the city of New York $30,742.77. It appears that this amount was made up of remittances that had been sent from Georgia to the New York banks, but they were not subject to be withdrawn from these banks by any one in the city of New York. The tax commissioners originally assessed the property of the relator for taxation for the year 1902 at $175,000. Application was made to them to revise this assessment. The commissioners had sent to the relator a notice of the assessment, upon which were certain questions, and blank spaces to be filled up by the relator in answering such questions. An application for a revision of the assessment was made, and the blanks were filled out. Among other things, the relator stated that its place of business was in Georgia; that it had complied with the laws of the state of New York with reference to foreign corporations doing business within this state; that the business carried on within the state was the sale of cotton goods by sample; that its principal place for carrying on business was in Macon, Ga.; that it had no notes receivable or open accounts; that the value of its goods within the state of New York was $1,744.14; that it had no plant or machinery in the state of New York; that the value of the safe and fixtures and furniture was $350; and that on the second Monday of January, 1902, the relator had a bank account in the city of New York of $30,742.77. Thereupon the commissioners assessed the relator's property, subject to taxation, at the sum of $32,835.

The present writ being sued out, it came on for hearing upon a petition of the relator, and the return thereto of the commissioners. Evidence was introduced by the relator to show that it had no capital invested in business within the state of New York. The learned judge at Special Term took the evidence concerning the business of the relator, and particularly with reference to the amount deposited in bank in the city of New York; that evidence tending to show that the amount so on deposit in bank was not subject to taxation. No evidence was offered by the respondents. In deciding the matter, the court held that the relator was bound by the admissions and answers contained in its verified statement filed with the commissioners, and that the testimony submitted on the trial should

be disregarded, and that the relator should be confined to the case it had made before the commissioners. The learned judge in his opinion states that the relator "cannot be permitted to avoid the effect of its statement in its original application by resorting to new evidence upon the review of the determination of the board. The commissioners are warranted in relying upon the facts presented to them by aggrieved taxpayers, and their appropriate action thereon will not be disturbed."

That determination is erroneous. We have recently had occasion to consider this subject, in People ex rel. Citizens' Lighting Co. v. Feitner (March, 1903) 81 N. Y. Supp. 73, and it was there held that in certiorari proceedings of this character the return is not conclusive; that the petition is to be regarded as a complaint, and the return as an answer, and, in deciding the issues joined, the court may call witnesses to its aid, and their testimony becomes a part of the proceedings upon which the determination of the court is to be made. It was said that the writ may be one of review, merely, but also is in the nature of a venire de novo; and it was stated, on authorities cited, that where application has been made to the tax commissioners for a reduction of an assessment, and the commissioners have acted thereon adversely to the application, either in whole or in part, the person or corporation aggrieved thereby becomes entitled to sue out a writ of certiorari for the review of such action, and the relator becomes entitled, as matter of right, to a rehearing of the application, and may produce and give before the court all the evidence which was laid before the commissioners, and such further evidence as the relator chooses to produce, bearing upon the material issues raised by the petition and return, if the court deem it necessary for a proper disposition of the matter. It was also held that that rule applies even in a case where the relator has appeared and presented to the commissioners a completed case, covering the whole subject-matter. The effect of the decision in the Citizens' Lighting Company Case is that a hearing on the return to the certiorari is in substance a new trial; that new evidence may be taken, which, by the command of the statute, the court is bound to consider in making its determination. Under the rule laid down in the case cited, the court at Special Term, in this proceeding, should have passed upon and given effect to the evidence which it took, and not have ignored it as it did. The relator had the right to have the evidence considered. The court had admitted it, and it only refused to consider it on the ground that the relator was concluded by what it had presented to the commissioners in its written statements, and that, as matter of law, the relator could not go beyond those statements, or show anything other than what was contained therein. It is true that no evidence was offered by the commissioners to contradict that introduced by the relator with respect to the money on deposit in the banks in the city of New York; but it may be that the respondents—the whole subject of assessment being open to consideration—have proof to present relating to taxable property of the relator, and which proof does not appear in this record. If the whole subject is before the court, as in the case of a new trial, the respondents should not be

precluded from presenting such proof as they may desire to put in. The matter should therefore be remitted to the Special Term for further proceedings.

Order reversed and matter remitted to Special Term for further action. All concur, except O'BRIEN, J., who dissents.