(91 App. Div. 214.)

## CITY OF NEW YORK v. TUCKER.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. ASSESSMENT—OVERVALUATION—COLLATERAL ATTACK.

Where one was given due opportunity to show assessors that his personal property was overvalued, and has neither improved it nor instituted any direct proceedings to review their determination, he cannot attack it collaterally in an action against him to collect the tax.

2. SAME—REMEDY FOR OMISSION OF PROPERTY.

The proper remedy for one aggrieved by the failure to tax persons liable to taxation is under Laws 1897, p. 324, c. 378, § 906, as amended by Laws 1901, p. 386, c. 466, providing that one may by certiorari raise the question whether a tax is by any reason illegal, erroneous, or unequal.

3. SAME—OMISSIONS—VALIDITY.

The omissions of certain persons or property from a personal property assessment, whether intentionally or through mistake, does not render the assessment invalid.

Appeal from Trial Term, New York County.

Action by the city of New York against Preble Tucker. From a judgment in favor of plaintiff, entered on verdict directed by the court, defendant appeals. Affirmed.

The action was brought to recover a personal tax of $105 imposed upon the defendant for the year 1897. It is admitted that the forms required to be observed with respect to having the books of Annual Records of Assessed Valuation of Real and Personal Estate for that year open for examination and correction from January to May were complied with, and that due notice thereof was given; that the assessment rolls were duly completed and delivered to the board of aldermen in July, and remained open for public inspection for the time required by the law, and due notice thereof was given; that thereafter the assessment rolls were delivered to the receiver of taxes with proper warrants for the collection of the tax, and due notice thereof was given, as well as of the fact that persons paying before November 1st were entitled to a rebate; that notice was also given on November 1st that unless taxes remaining unpaid were paid by December 1st the receiver of taxes would proceed to collect the same as provided in the Greater New York Charter; and that due notice was given on December 1st that all persons and corporations who had omitted to pay their taxes should pay the same to the receiver of taxes. The defense was that the tax imposed is void and of no effect "for the reason that the commissioners * * * did not make diligent inquiry to ascertain all the property and all the names of all persons taxable within the said county, as is required by the statute," and, in particular, did not ascertain by diligent inquiry or make any inquiry whatsoever regarding the personal property of the defendant; and that the defendant did not possess, at the time of the alleged assessment, personal property of the value stated.

Upon the trial, after the defendant had made the admissions above referred to respecting the procedure in levying the tax, the plaintiff stated the amount of the tax and interest, and rested. The defendant then attempted to show by parol evidence what the tax officers had done in making up the assessment, and the defendant himself was called for the purpose of stating how much personal property subject to taxation he had in the year 1897; but the court excluded all testimony offered along these lines, exceptions being taken by the defendant. Upon motion a verdict was then directed by the court in plaintiff's favor, and from the judgment so entered the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

¶ 3. See Taxation, vol. 45, Cent. Dig. § 766.

Lawson Purdy, for appellant.
Martin Saxe, for respondent.

O'BRIEN, J. The appellant claims that the entire assessment which included his own is void. It is important, therefore, to bear in mind that the individual relief sought by the relator is by striking out and destroying the whole assessment. To this end the appellant by answer, and by evidence which was offered upon the trial and rejected, sought to attack collaterally the entire assessment for jurisdictional defects, in not having been diligently and thoroughly prepared. Such evidence, under objection and exception, was ruled out, and the single question upon this appeal is whether evidence can be so introduced to attack the assessment as a whole collaterally for jurisdictional defects when such attack is made by an individual for the purpose of escaping the payment of his personal tax.

We say that this is the only question presented because with respect to the defense that the defendant did not possess, in 1897, property of the amount upon which he was assessed, it is conceded that due and proper opportunity was given to him to show to the authorities that he was not in fact liable for the tax imposed, and thus enable them to remedy any grievance that he might have. This, however, from all that appears, he entirely failed to do. Nor has he sought by any direct proceeding to review the determination of the assessors. Whatever injustice, therefore, may exist in the levy made against the defendant, it is one brought about by his own negligence and failure in not correcting a wrong assessment, and it is too late for him now, and entirely incompetent in such an action as this, brought by the city to collect the sum assessed, to resist its payment on the ground that he did not possess personal property to the extent for which he was assessed. In U. S. Trust Co. v. Mayer, 144 N. Y. 488, 39 N. E. 383, it was said:

"They [the assessors] were acting judicially in assessing the plaintiff, and their action had all the force and effect of a judgment, which, while open to review by some direct proceeding prescribed by the law, is secure against collateral attack."

And in People ex rel. Mutual Union Telg. Co. v. Commissioners, 99 N. Y. 254, 1 N. E. 773, the court said:

"The relator did not avail itself of the opportunity to apply for a correction of the assessment. * * * It would, we think, be an unwarrantable construction of the statute to permit a party complaining of an assessment to lie by without availing himself of the opportunity to remedy his grievance by application to the tax commissioners, * * * and, after the assessment had become confirmed by lapse of time, to arrest the collection of the tax" by a proceeding to review its imposition.

The real ground of the attack upon the assessment, however, and the purpose of the evidence sought to be introduced, was not to show that the defendant owned less personal property than that upon which he was taxed, but was to prove that the commissioners or their deputies, to whom was intrusted the duty of making assessments, did not comply with the provisions of the statute in ascertaining by diligent search all the property and the names of all the persons taxable

within the county; that they had not sufficiently inquired regarding the personal property of the defendant or its value; and that the tax was arbitrarily imposed. There was no pretense that any different course was followed in making the assessment against the plaintiff than was followed in making the entire assessment upon all those liable for personal property taxes for the year 1897, and therefore, as the greater includes the less, and the evidence offered with respect to the making up of the defendant's individual assessment was similar to that which it was sought to introduce with respect to the entire assessment for personal taxes for the year 1897, we may at once proceed to the discussion of what is really the crucial question on this appeal, namely, whether the evidence offered and excluded, and which was intended to show that the assessors did not institute diligent inquiry to ascertain all the persons and corporations and all the property liable to personal taxes for that year, was competent. Differently stated, we are asked to determine whether the fact that all persons and property which, under the law, should have been taxed by the assessors, were not actually ascertained and taxed, has any bearing upon the defendant's liability for the tax imposed upon him.

We do not understand that the defendant assails either the integrity of the taxing officers or the official performance of their duties by the commissioners or their deputies, for we find in this record that the defendant expressly states that the officer to whom this work was confided, of ascertaining the persons and corporations liable to personal taxation, was a deputy of experience and character. The insistence is that in the time permitted for the ascertainment of the persons liable to personal taxes it was physically and practically impossible for this deputy, with such assistance as he had, to make that diligent search and inquiry which would have disclosed all those liable to the tax. The point made, therefore, is not that those intrusted with the duty of ascertaining were either incompetent, inefficient, or corrupt, but that the commissioners failed and neglected to provide a sufficient force of men, and thus put in motion the machinery that would have given them the knowledge which by law they were obliged to obtain. It would be an anomaly, indeed, if one who has been legally taxed could defeat the payment of the tax by assailing the assessing board because they did not have more men at work, and did not go to a greater expense, in prosecuting more thoroughly the inquiry which devolved upon them by law. The fact being, then, that no complaint is made with respect to the efficiency of those intrusted with the duty of assessing the tax, nor with respect to the diligence which they personally exercised, we do not think it lies in the power of the defendant to substitute his judgment or that of any other witness for that of the commissioners as to the machinery which should be employed or the number of men who should be engaged in prosecuting the work of ascertaining the persons liable for personal taxation.

The end to which the testimony excluded was directed was to prove that the officer charged with the duty of ascertaining all those who were liable for personal taxes failed to perform such duty. Giving, therefore, to such testimony excluded its greatest force, its tendency would be to show either that the tax officials were not sufficiently diligent,

did not employ a sufficient force, or purposely omitted from the rolls the names of persons who should have been taxed. · If it be concluded, however, that the failure to include all those liable for taxation for any of the reasons assigned was not fatal to the tax imposed upon the defendant, then clearly the ruling which excluded the evidence is proper. In this connection it may be said that a person claiming to be aggrieved by the failure to properly tax persons liable to taxation is not without remedy, because it is provided by section 906 of the charter of New York (chapter 378, p. 324, Laws 1897, as amended chapter 466, p. 386, Laws 1901) that by certiorari he may bring up the question as to whether the tax imposed by any reason is illegal, erroneous, or unequal.

In City of Rochester v. Bloss, 77 App. Div. 28, 79 N. Y. Supp. 236, it was held (headnote) that:

"The remedy of a person assessed by the assessors of the city of Rochester for personal property, who is displeased with the action of the assessors in omitting from the assessment roll other persons taxable for personal property, is by certiorari proceedings. * * * He cannot raise that objection in a proceeding for the collection of the tax instituted against him under * * * the city charter."

Assuming, however, that the question is here properly raised, it has repeatedly been held that the omission of property from the assessment rolls, whether done by mistake or by design, is not fatal to an assessment. This principle was sustained in the case of Van Deventer v. Long Island City, 139 N. Y. 133, 34 N. E. 774, an equitable action to have taxes upon plaintiff's real estate declared void as illegally imposed because the assessors had intentionally omitted from the assessment rolls a large quantity of real estate, and had resolved that no personal property within the city should be assessed; and, as correctly stated in the headnote, it was held that:

"Assessors, in making assessments for the imposition of taxes for governmental purposes, act judicially, and if, by mistake or design, they omit any property liable to taxation from the assessment rolls, the entire assessment is not thereby rendered invalid, and a person whose property has been assessed and taxed cannot, because of such omission, maintain an action to have his tax adjudged invalid."

In that case, it is true, the question of the taxation of·real estate was involved, but the reasoning to be applied in both cases is identical. Thus it was said in the opinion:

"The only complaint the plaintiff can have is that he was taxed too much because other property was omitted from the rolls, and that is a complaint which can nearly, if not always, be made in the case of all taxation for governmental purposes. It is doubtful if a village, town, or city assessment is ever made from which some property is not omitted. If an assessment is void because some property is omitted, would it not also be void in those numerous cases where assessors agree to assess property at one-half or some other fractional part of its value? It is quite apparent that, if the plaintiff's contention is well founded, very few assessments could stand assaults, and that the collection of revenues for governmental purposes would be very uncertain, and that interminable litigation would attend its collection."

What is thus said with respect to a tax levy upon real estate applies with greater force to a tax, such as this, imposed upon personal property, and if a proper defense could be made to the collection of such

a tax, that there were other persons who had not been duly assessed, this whole scheme of taxation would fall. It being conceded that the proper forms and procedure were adopted by the assessors, evidence tending to show that certain persons and property were omitted from the assessment rolls was entirely incompetent because it would not relieve the defendant from liability, and was properly excluded. So, too, in Cooley on Taxation (2d Ed., p. 164), it is said:

"There is no imperative requirement that taxation shall be equal. If there were, the operations of government must come to a stop from the absolute impossibility of fulfilling it. The most casual attention to the nature and operation of taxes will put this beyond question. No single tax can be apportioned so as to be exactly just, and any combination of taxes is likely in individual cases to increase, instead of diminishing, the inequality. Theoretically, tax laws should be framed with a view to apportioning the burdens of government so that each person enjoying government protection shall be required to contribute so much as is his reasonable proportion, and no more. The tax law that comes nearest to accomplishing this is in theory the most perfect. But to accomplish this it may not be requisite to require the tax gatherer to call upon every individual and collect from him in person this reasonable proportion."

And this author further says (page 216):

"It has been decided in a number of cases that accidental omissions from taxation of persons or property that should be taxed, occurring through the negligence or default of officers to whom the execution of the taxing laws is intrusted, would not have the effect to vitiate the whole law. The reasons for this conclusion are summarized in one of the cases as follows: 'The execution of these laws is necessarily intrusted to men, and men are fallible—liable to frequent mistakes of fact and errors of judgment. If such errors on the part of those who are attempting in good faith to perform their duties should vitiate the whole tax, no tax could ever be collected; and therefore, though they sometimes increase improperly the burden of those paying taxes, the rule which holds the tax not thereby avoided is absolutely essential to the continuation of the government.' It seems difficult to resist the force of this reasoning, and it applies to the case of a mistake of law with the same cogency as to the case of a mistake of fact."

Our attention, however, is directed to the case of May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064, an action brought to recover possession of premises which plaintiff claimed by virtue of a tax sale, the defendant's contention being that the taxes for that year were not legally assessed, and hence the sale was ineffectual. It appeared therein that the premises in question were included with another lot, and upon the two a single valuation was placed and a gross tax assessed, and until the rolls came into the collector's hands no apportionment was made. It was held that there was a fundamental defect in the assessment, and the rule was stated that all the proceedings prescribed by the law for the assessment of land for the purposes of taxation must be substantially, if not strictly, complied with, and that the failure to separately state the value of the assessment on the premises amounted in law to a failure to impose any tax which the owner could be held for. The statement of that case, however, discloses the many points in which it is to be distinguished from the present one. There the tax levy was attacked, not generally because of the omission of property, but because the specific premises in question were not separately assessed as required by the law. Here it

is not asserted, for instance, that the property of defendant and some other person have been wrongfully united and collectively assessed, nor that the various steps in the assessment of the tax were not followed by the assessors, save that they failed to include all persons and property in their assessment. It is conceded that the forms were complied with, and we have here the affidavit of the proper official that the annual record of the assessed valuation of personal estate contains a detailed statement of the taxable personal property of residents of said city for the year 1897. No attempt is made to overthrow the assessment thus made excepting by evidence directed to showing that the tax officers were not sufficiently diligent in ascertaining, and in fact did not, in the assessment made, include, all property and persons liable under the law to a personal property tax. The evidence offered, therefore, was not such as would destroy the validity of the entire assessment, nor relieve the defendant from liability for the tax imposed upon him, and in an action such as this, brought for the collection of the tax, was incompetent and properly· excluded by the court.

It follows, in our opinion, that this judgment in plaintiff's favor should be affirmed, with costs. All concur.