PEOPLE ex rel. WEBER PIANO CO. v. WELLS et al., Com'rs.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. TAXATION—CORPORATIONS—CAPITAL STOCK—DETERMINATION OF VALUE.

Under Tax Law (Laws 1896, p. 802, c. 908) § .12, providing that the capital stock of every company, after deducting the assessed value of its real estate, shall be assessed at its actual value, in considering the assets and liabilities of a corporation, so as to determine the value of its capital stock, real estate subject to a mortgage, on which the corporation is not liable, constitutes an asset merely to the extent of the equity of the corporation in the land, and the assessed value of the real estate is to be deducted after the value of the capital stock has been determined on that basis.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of the Weber Piano Company, against James L. Wells and others, commissioners of taxes, etc., to procure the vacation of an assessment on the capital stock of the relator. From a final order granting the relief prayed, the commissioners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George S. Coleman, for appellants.
H. W. Beebe, for respondent.

LAUGHLIN, J. The question of law presented for decision by this appeal is whether a domestic stock corporation which owns real estate subject to a mortgage—it not being liable for the indebtedness thus secured—is entitled to have the assessed valuation of the real estate deducted from the value of its capital stock, in determining the assessable value of the capital stock, where its equity in the real estate only was considered in determining the value of the capital stock. The statutory provision under which the capital stock of such a corporation is assessed is section 12 of the tax law (chapter 908, p. 802, Laws 1896), which provides as follows:

"The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll or shall be exempt by law, together with its surplus profits or reserve funds exceeding ten per centum of its capital, after deducting the assessed value of its real estate and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value."

A compliance with this statute manifestly requires, in the first instance, that the value of the capital stock of the corporation shall be

determined. This requires a consideration of its assets and liabilities. In case it owns real estate, with an outstanding mortgage, upon which it is not liable, it is clear, I think, that the real estate constitutes an asset merely to the extent of the equity of the corporation in the land. Therefore I think the assessors were right in adopting the value of this equity, rather than the value of the land, in first ascertaining the assets of the corporation. That is the whole question, because the Legislature commands that the assessed value of the real estate shall be deducted from the value of the capital stock. This is, I think, the true construction of the statute. The Legislature intended that the real and personal property of such a corporation should be assessed at its fair and true value, the same as the property of an individual, with the exception that it does not provide for a deduction from the individual's personal property of the amount of any mortgage that may be a lien upon his real estate, unless he is liable for the indebtedness secured by the mortgage. This omission may have been made on account of the fact that all personal property of corporations is reached for taxation, but only a small percentage of the personal property of individuals. Inasmuch, however, as the capital stock of a corporation represents all its property, both real and personal, it was necessary that the valuation should be ascertained in a manner different from that employed in the case of an individual. The Legislature therefore directed that the value of the capital stock, which represents the value of all the assets, of the corporation, including both real and personal property, should be first ascertained; and, instead of directing that this amount be assessed against the capital stock, and providing that the real estate should not be assessed at all, it directed that this should be the total amount of the assessment to be paid by the corporation, but that that part of it which is to be paid by the real estate should be deducted from the total, leaving the balance to be assessed against the capital.

It follows, therefore, that the order should be affirmed and the proceeding dismissed, with $50 costs and disbursements. All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.

VAN BRUNT, P. J. (dissenting). This proceeding was commenced for the purpose of procuring the vacation of an assessment made upon the respondent's capital stock. It appears that the respondent is a domestic corporation, and had been assessed for taxation for the year 1903 by the deputy commissioner of taxes in the sum of $600,000. Subsequently the respondent filed a statement with the commissioners of taxes and assessments, by which it claimed to show that its total assets were $587,794, of which there was real estate worth $160,000, and personal property, $427,794; that the amount actually paid for the real estate was $240,000, and the actual value as carried upon its books was $220,000, and the actual value of personal property carried on its books as an asset was $475,472. The company was indebted in the sum of $387,732, and the assessed value of its real estate was set forth at $215,000. The real estate consisted of three parcels, on one of which was a mortgage of $200,000, for which the company was not liable; and it was the equity only in this property which was fig-

ured as an asset in the amount of gross assets, while the total assessment upon the property was deducted, under the provisions of law allowing for the deduction of the assessed value of real estate. The real estate in question was worth $250,000. The equity, therefore, was $50,000, which only was included in the assets.

The statute under which the assessment is made (section 12 of the general tax law; Laws 1896, p. 802, c. 908) reads as follows:

"The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll or shall be exempt by law, together with its surplus profits or reserve funds exceeding ten per centum of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value."

The question which is presented here is whether the relator was entitled to only place the equity which it owned in the real estate in question among its assets, and to deduct the total assessment upon the real estate in question; in other words, whether it was entitled, after crediting the $50,000 as the value of the real estate among its assets, to deduct $150,000, the assessed value. We think the learned court below erred in allowing such a construction of the statute. The clear intention of the Legislature in these regulations was not to assess as part of the capital stock that portion of the assets of the corporation which had already paid a tax. Thus in the case at bar, the real estate in question being worth $250,000, and the relator having paid a tax upon $150,000, it should not be reassessed upon that $150,000. The interpretation of this act made by the court below would bring about a result which clearly was not intended. For example, if a corporation had personal property of $1,000,000, and had equities in real estate amounting to $1,000,000 (the total value of the real estate being $3,000,000, but subject to mortgages of $2,000,000), this real estate being assessed at $2,000,000, the corporation, owning $2,000,000 of property over and above all its debts and liabilities, would be exempt from taxation upon its capital, if it had a right to deduct the total amount of the assessed value of this real estate. Not only would its capital stock, to the extent of $1,000,000 invested in real estate, escape taxation, but also it would escape taxation upon its $1,000,000 of personalty. We think, therefore, that, if only the equity which the relator had in this real estate was to be considered and assessed, it could only deduct the proportion of the tax paid by it on its real estate which this equity bore to the value of the real estate. It would appear, therefore, that there was no error whatever in the assessment which was detrimental to the respondent.

The order in the court below should be reversed, with costs, and the proceeding dismissed.

McLAUGHLIN, J., concurs.