(99 App. Div. 455)

PEOPLE ex rel. KNICKERBOCKER SAFE DEPOSIT CO. v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. PERSONAL PROPERTY—ASSESSMENT—VALUATION.

Where, in a proceeding to review an assessment of personal property, it was alleged that certain safety deposit vaults so assessed were real estate and had been assessed as a part of the real estate on which they were located, and other vaults for which relator claimed a deduction were not in existence at the time the assessment for the year in question was levied, and there was no assessed valuation of the vaults, evidence as to the cost thereof was admissible.

2. SAME—EXISTENCE OF PROPERTY.

Where safety deposit vaults were constructed subsequently to the time a tax on relator's personalty was levied, they could not form the basis of a deduction from the amount of such tax on the ground that they were assessed as real estate.

3. SAME—FIXTURES—ASSESSMENT AS REAL ESTATE—PRESUMPTIONS.

Since safety deposit vaults constructed by relator on leased land, as between relator and its landlord, were personalty, and therefore could not be properly assessed as a part of the land, the presumption that the vaults, being a part of the land, were necessarily assessed as real property, and hence could not be again assessed to relator as personalty, was not conclusive, but was subject to rebuttal by evidence that they were not included in the assessment of the land.

4. SAME—DEDUCTION.

Where relator constructed safety deposit vaults on leased land in such a manner that they were prima facie a part of the real estate, but they were not so assessed, relator was not entitled to a deduction from its personal taxes to the extent of the value of the vaults.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on relation of the Knickerbocker Safe Deposit Company, against James L. Wells and others, as commissioners of taxes and assessments. From an order in favor of relator, the commissioners appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George S. Coleman, for appellants.

Julien T. Davies, Jr., for respondent.

HATCH, J. The commissioners of taxes and assessments assessed the relator upon personal property which they found to be of the value of $77,455. Thereupon the relator sued out a writ of certiorari under the statute. After a trial at Special Term, the court reduced the assessment to the sum of $19,405. The basis for this reduction is the claim by the relator that it owned safe deposit vaults at three different places in the city of New York, borough of Manhattan; that the same were real estate, and had been assessed as such, and consequently it was entitled to have the value of such real estate deducted from the amount of the tax which had been levied. It was not made to appear what was the assessed value of the vaults. That they had been assessed as real property was made to rest upon the presumption arising from their situation as fixtures attached to real property which had been assessed to the owners. There being no assessed valuation attached to the particular property, the relator gave proof of its cost, and claimed, in the absence of any proof of an assessed valuation, that the deduction was to be made, based upon the price paid for the property.

It is undoubtedly true that where there is no evidence of the assessed valuation of real property its cost is evidence of actual value, and may be adopted by the commissioners as the sum to be deducted, in the absence of other and better evidence. People ex rel. Panama R. R. Co. v. Com'rs, 104 N. Y. 240, 10 N. E. 437. The vaults, the value of which has been made the subject of deduction, were situated at No. 66 Broadway, No. 234 Fifth avenue, and in a new building owned by the relator then in process of construction at the corner of Thirty-Fourth street and Fifth avenue. The building at No. 66 Broadway was owned by the Manhattan Trust Company, and that at No. 234 Fifth avenue by Mr. Johnson. The vaults themselves were so attached to this property as to constitute the same a part of the realty, and it was stipulated between the parties "that the said vaults, for all purposes of this proceeding, are real estate, and part of the several buildings to which they are respectively affixed." As to the vaults in the relator's own building at the corner of Thirty-Fourth street and Fifth avenue, it clearly

appeared that at the time the assessment was made up for the year 1903 these vaults had no existence. A part of the foundation had been erected for their reception, but the vaults themselves had not been placed in the building, and were not placed therein until some time subsequent to the levying of the assessment. It appeared in the evidence that the cost of these vaults was $28,050. There could be no proof made of their assessed value, because they had no existence at the time when the tax was levied; consequently their cost was the only evidence which could be given, and, as the statute requires the assessment to be made at their actual cost, the price paid therefor, in the absence of all other testimony, is to be regarded as the actual value. Not being in existence, however, at the time when this tax was levied, they cannot be made the basis of any deduction from the amount of the relator's personal tax. So far as the foundations for the reception of the vaults are concerned, it must be assumed that they were considered in connection with the building then in process of erection, and upon which an assessment was levied and considered in fixing the amount of the personal tax. So far as is disclosed by the record, these vaults were paid for subsequently, and therefore no deduction could properly be made for them.

As to the vaults in the buildings owned by other parties and leased by the relator, it is entitled to a reduction, based solely upon the presumption that these vaults, being a part of the real property to which they were attached, were necessarily assessed against the real property, and, being so assessed, their value is to be the basis of deduction, in the absence of proof of an assessed value. We are therefore confronted with the question as to whether this presumption is conclusive, or whether it can be overthrown by proof and the fact established that such property was not embraced in the assessment levied upon the real estate to which it was affixed. The contention of the relator is that, the real property to which the vaults were attached having been assessed, such assessment is conclusive and may not be attacked in this proceeding, and that evidence showing that in fact these vaults were not embraced within the assessment levied upon the property was improperly received. We are of opinion that this contention may not prevail. It was determined by this court (People ex rel. Citizens' Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73) that a proceeding under the special statutory writ authorizing a review of assessments "permits a redetermination of all questions of fact upon evidence taken, in part at least, by the Special Term or under its direction." And this holding again received confirmation by this court in People ex rel. Bibb Mfg. Co. v. Wells, 84 App. Div. 330, 82 N. Y. Supp. 564, wherein it was held that the whole subject was before the court as in the case of a new trial upon which evidence by both parties bearing upon the question of the validity of the tax might be received. It is a well-settled principle of law that fixtures attached to real property which would pass under a deed may, nevertheless, retain their character as personal property as between the owner of the realty and the owner of the fixtures.

Such divided ownership is firmly established in the law, and, where it exists, is upheld by the courts. So plain is this proposition, that no authority is needed to support it. Where such divided ownership exists, as is admitted in the present case, it would be improper to assess such property as realty, and, these facts appearing, there would arise no presumption that it had been embraced within the assessment against the real property. On the contrary, under such circumstances the assessors would be required to assess it against the owner as personal property, and the owner of the realty, upon making the facts appear, if embraced within his assessment, would be entitled to a deduction therefor to the extent of its value. It cannot be said, therefore, that a tax against the realty under such a state of facts conclusively establishes that such property has been assessed to the extent of forbidding an inquiry into the facts.

It was attempted upon the trial to show what the relation was, with respect to the vaults, between the owner of the real property and the relator. This was objected to, and the testimony was excluded by the court, which held that the only question was as to whether it was real estate or not. Clearly it was real estate for some purposes, and was so stipulated; but it was not real estate for all purposes, nor real estate for taxation under divided ownership. The learned court, in making disposition of such question, assumed that the building would be assessed in such manner as to cover an assessment of the vaults, and said that "presumably the owner protects himself so far when dealing with the relator." We think this by no means follows. On the contrary, there being the divided ownership which constituted the vaults personal property, it was clearly a proper subject of inquiry as to what that relation was for purposes of taxation, and whether it had been embraced within the assessment levied upon the realty.

Under the circumstances, therefore, it seems clear that proof was competent to show that the vaults were not in fact embraced within the assessment upon the real property, and, within the rule of the cases which we have announced and others, testimony to show such fact was competent. People ex rel. Equitable Gas Light Co. v. Barker, 144 N. Y. 94, 39 N. E. 13. This holding is not in conflict with the rule announced in City of New York v. Tucker, 91 App. Div. 214, 86 N. Y. Supp. 509. That was an action brought by the city of New York to recover a personal tax. It rested upon the assessment roll, which constituted a judgment, and in such an action it could not be attacked collaterally. The court suggested in the opinion in that case that the remedy, if the defendant therein deemed himself aggrieved by the tax, was by certiorari to review it, when he would be authorized to give proof touching its validity. In the present case it appears, aside from the presumption, that the vaults were not embraced in the assessment, as the deputy commissioners who assessed the two pieces of property did not include them in such assessments. Such proof, we think, was competent in view of the divided ownership of the property, and, being so competent, any presumption which arose from the assessment that the vaults were embraced was overthrown. Not

having been assessed as real property, the relator, of course, was entitled to no deduction therefor, as in no view, under such circumstances, could the relator be subjected to double taxation. Certainly it could not be upon property which had no existence at the time when the tax was levied, and equally so upon property which has never been embraced in any assessment.

It follows that the order appealed from should be reversed and a new hearing granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concur. LAUGHLIN, J., concurs in result, on the authority of People ex rel. Weber Piano Co. v. Wells, 95 App. Div. 574, 88 N. Y. Supp. 1030. O'BRIEN, J., dissents.