The People of the State of New York ex rel. Four Park Avenue Corporation, Appellant, against Joseph Lilly et al., Constituting the Tax Commission of The City of New York, Respondents.

First Department, October 30, 1942.

*Harry H. Chambers* of counsel (*Harry B. Chambers* with him on the brief; *Chambers & Chambers,* attorneys), for relator-appellant.

*David I. Shivitz* of counsel (*Arthur A. Segall* and *Mortimer M. Lerner* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney), for respondents.

Cohn, J.   Relator is the owner of the land and building at 4 Park avenue in the city of New York.   The building is a twenty-

one floor fireproof structure known as the Hotel Vanderbilt. The property was assessed by the board of taxes and assessments for the year 1941 at a value of $2,475,000, of which $1,000,000 was allocated to the land and $1,475,000 to the building. The petition for certiorari alleged error by reason of overvaluation and inequality, the relator claiming that the total value of the land and building was only $1,350,000. The Special Term, after a hearing at which evidence was taken, reduced the assessment to $2,260,000, the sum of $935,000 for the land, and $1,325,000 for the building. Relator appeals.

At the court hearing, for the purpose of establishing that the actual value of the property was $1,350,000, relator offered to prove that on March 1, 1941, the property had been sold to it by the New York Life Insurance Company, the former owner, for that sum. The court, over objection, excluded the evidence, holding that it would not receive evidence in any form of what occurred subsequent to January 25, 1941, that being the taxable status date of the property for the year 1941; that the certiorari proceeding was one for review only and that it was not authorized to consider anything that came up which was not, or could not have been, before the assessor on the taxable status date.

In so ruling, we think the Special Term fell into error. The statute provides ''The taxable status of all real property assessable for taxation in the City of New York shall be fixed for the succeeding fiscal year on the twenty-fifth day of January in each year.'' (New York City Charter [effective Jan. 1, 1938], § 157.) This means simply that the assessed valuation of relator's property for the year 1941–1942 is to be determined as of January 25, 1941. (*Matter of Appell*, 199 App. Div. 580; affd., 234 N. Y. 600.) The statute does not bar proof of occurrences after the taxable status date which may shed light upon the actual value as of the taxable status date. Indeed, under the provisions of section 293 of the Tax Law (Cons. Laws, ch. 60), which are applicable to the city of New York because not in conflict with pertinent provisions of the New York City Charter (*People ex rel. Am. S. Refining Co.* v. *Sexton*, 274 N. Y. 304, 306, 307), at a trial before the court or referee, '' evidence as to actual sales of real property within the tax district that occurred during the year in which the assessment under review was made may be given by either party.'' The statute thus makes recent actual sales in the vicinity some evidence of value. (*People ex rel. Hilton* v. *Lewis*, 256 App. Div. 479.) This would apply particularly to a sale of the very property in question made within a few weeks of the tax date.

Assessments do not become final until May twenty-fifth in each year. Between February first and May twenty-fifth, the commissioners of taxes and assessments are required to conduct hearings to review the values placed upon property by the assessors. (New York City Charter, §§ 164, 165.) The sale of this property was, of course, well within that period. Moreover, it appears that a statement of this sale was set forth in relator's written application for correction submitted to the board of tax commissioners.

Evidence of a sale though made after the taxable status date is admissible at the hearing before the court even though it could not have been before the tax assessors on January twenty-fifth. A certiorari proceeding to review a tax assessment is not merely a writ of review. The law is settled that it is also in the nature of a new trial or a *venire de novo;* that upon a hearing of the application before the court all proof which was before the assessors or the tax commissioners, and such further evidence as the relator chooses to produce bearing upon the material issues raised by the petition and return may be produced and given. (*People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417, 430, 431; *People ex rel. Jamaica W. S. Co.* v. *Tax Comrs.,* 196 N. Y. 39, 50; *People ex rel. Bibb Mfg. Co.* v. *Wells,* 84 App. Div. 330, 332; Tax Law, § 293.) In *People ex rel. Jamaica W. S. Co.* v. *Tax Comrs. (supra)*, the Court of Appeals, at page 50, succinctly stated the rule, as follows: "When the action of assessing officers, however, is questioned by a writ of certiorari under the Tax Law, *the court is authorized by the statute to take further and additional proof as to the true value of the assessed property, and upon such proof, in addition to the evidence before the assessing officers,* it must endeavor to reach a correct conclusion as to what is a proper valuation. A certiorari proceeding under the Tax Law, therefore, is very much like a revaluation of the property which is the subject of assessment." (emphasis ours.)

Section 8 of the Tax Law of the State provides that all real property subject to taxation shall be assessed at its full value. Under the Administrative Code of the City of New York (§ 155b–1.0; L. 1937, ch. 929) the assessed valuation must be stated at the sum for which the property would sell under ordinary circumstances. The rule for the guidance of tax assessors in making assessments "is the actual value of property to be assessed, and they may avail themselves of all tests of such value within their reach, and of every fact, and all information which in their judgment has any bearing upon such value." (*People ex rel. Jamaica W. S. Co.* v. *Tax Comrs., supra,* at p. 52.)

As indicative of its full value and what the premises here would sell for under ordinary circumstances, we think the proof of a sale of the identical property made within a little over a month after the taxable status date is clearly competent. Such evidence of a subsequent sale would, of course, not be conclusive upon the court in determining the value of the property. It would only be one element for consideration. It has long been the rule that the price realized on a sale of land made under ordinary circumstances is evidence of the value of the property at the time of the sale, and of its value at a time reasonably near the sale, provided conditions have remained the same. (*People ex rel. N. Y. Stock Exchange B. Co.* v. *Cantor*, 221 App. Div. 198; affd., 248 N. Y. 533; *People ex rel. Batt* v. *Rushford*, 81 App. Div. 298, 301; Orgel on Valuation under Eminent Domain, § 137, p. 464; 31 Corpus Juris Secundum, Evidence, § 182.) In cases involving personal property, the courts have repeatedly held that it is permissible to have recourse to sales, after, as well as before, the day in question and for that inquiry a reasonable range in point of time is allowable. (*Parmenter* v. *Fitzpatrick*, 135 N. Y. 190, 198; *Dana* v. *Fiedler*, 12 N. Y. 40, 49; *Jones* v. *Morgan*, 90 N. Y. 4, 10; *Levant American Com. Co., Inc.,* v. *Wells & Co., Inc.,* 186 App. Div. 497, 500.)

The Court of Appeals has set forth the method to be employed and the factors to be considered in fixing value of real property as of a definite date. Many elements must be weighed. (*People ex rel. Amal. Properties, Inc.,* v. *Sutton,* 274 N. Y. 309; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126, 129 — in tax assessment proceedings; *Heiman* v. *Bishop,* 272 N. Y. 83, 88 — in determining the amount of a deficiency judgment; *Matter of Board of Water Supply of New York,* 277 N. Y. 452, 456–459 — in condemnation proceedings.) In a tax assessment proceeding, evidence of the price paid upon the sale of the same property within a reasonable time after the taxable status date furnishes some, although by no means conclusive, evidence of value. In determining what weight is to be accorded such testimony, the time, the place, the circumstances and the conditions of the sale must be explored. Was the sale *bona fide?* Was it a distress sale? Was there a fair market? What were the terms of the sale? Has there been any change in conditions between the date of the sale and the taxable status date? All these questions would have an effect upon the worth of such evidence in fixing the value of property as of a given date. Upon a new hearing, all circumstances surrounding this sale may be probed. Respondents will be privileged to adduce such perti-

nent testimony as may tend to show that the consideration paid for the property was not a fair index of its value as of the taxable status date. Ordinarily the question as to whether proof of sales of similar property is to be received in evidence is a matter which rests in the discretion of the court, largely dependent upon whether the testimony is or is not too remote. (*Matter of City of New York* [*West 205th Street*], 240 N. Y. 68, 74.) However, prices paid for the very land itself within not too remote a period from the effective date must be considered.

If it were clear from the entire record that the valuation fixed by the Special Term was not excessive, we would not be disposed to interfere with the determination appealed from. However, proof of a *bona fide* sale of the very property under consideration, for $910,000 less than the value fixed by the court, uninfluenced by other circumstances, would undoubtedly have an important bearing on the valuation finally determined. Such evidence must be received and weighed with all other relevant factors.

For the foregoing reasons the order so far as appealed from should be reversed and the matter remitted to the Special Term for a new hearing, with twenty dollars costs and disbursements to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed and the matter remitted to the Special Term for a new hearing, with twenty dollars costs and disbursements to the appellant to abide the event. Settle order on notice.