THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR D. SCHLECHTER, Appellant, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Respondents.

First Department, November 26, 1943.

*Bennet M. Blumenthal* of counsel (*Newman & Bisco*, attorneys), for appellant.

*Oscar L. Tucker* of counsel (*Arthur H. Goldberg* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

*Per Curiam.* The property which is the subject of this certiorari proceeding, was acquired by relator on July 10, 1941. This was about six months before the taxable status date for the tax year 1942–1943. The purchase price was $390,000, of which $30,000 was paid in cash and the balance by taking title subject to an existing mortgage of $360,000 bearing interest at four per cent and to become due in June, 1944. In its final order the Special Term fixed the value of the parcel for the tax year 1942–1943 as follows: Land $200,000, building $315,000, total $515,000. Relator urges that the fair value of the property was not in excess of $392,000, which is about what he paid for it, and that the assessment should be reduced accordingly.

Some days after the testimony was completed on the trial, there was received and added to the record, in accordance with the practice followed by the court, a letter written by respondents' real estate expert to the Assistant Corporation Counsel who tried the case. So far as pertinent it stated: " 210 Riverside Drive — A. M. Hoyt Co. who were the mortgagee acquired this property at a foreclosure suit in 1929 and transferred it to the Yhto Inc. at an indicated price of $640,000 subject to a mortgage of $500,000. In 1933 an alteration was made at a cost of $75,000. The Yhto had to liquidate this property in 1941 and the sale is not an indication of its true value." As appears from this communication, respondents sought to prove that the sale of the property to the relator was a distress sale and for that reason it should not be considered by the court in determining the value of the property. The procedure adopted of incorporating into the record after the completion of formal proof, " Correction and comment " by the experts of their own testimony and concerning sales submitted by the other side, may save time and expense in the trial of certiorari proceedings. Nevertheless, we believe it would be better practice to have all testimony given under oath and all documents received in evidence in the usual manner.

Proof of a *bona fide* sale of the very property under review at or near the taxable status date may have an important bearing on the valuation finally to be determined by the court. However, the circumstances and conditions of such a sale must be explored in order to determine what weight it should receive. (*People ex rel. Four Park Avenue Corp.* v. *Lilly,* 265 App. Div. 68, 71.) By the procedure sanctioned here relator was afforded

no opportunity to cross-examine respondents' expert upon the contents of the letter or to offer additional proof which would show that the sale was not a distress sale but that it was in fact a *bona fide,* free, open market sale and a fair index of the value of the property at or near the taxable status date. In the circumstances another hearing should be had.

If the parties so stipulate, the competent evidence in the present record may remain and be considered with such additional proof as may be supplied. (Cf. *People ex rel. Mutual Life Ins. Co.* v. *Miller,* 266 App. Div. 484.)

The order, so far as appealed from, should be reversed and a new trial ordered, with twenty dollars costs and disbursements to the appellant to abide the event.

TOWNLEY, GLENNON, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed and a new trial ordered, with twenty dollars costs and disbursements to the appellant to abide the event.