In the Matter of ED GUTH REALTY, INC., Respondent, *v.* BENJAMIN M. GINGOLD, as Commissioner of Assessment of the City of Syracuse, Appellant.

Fourth Department, May 18, 1962.

*Stewart F. Hancock, Jr., Corporation Counsel (George T. Driscoll of* counsel), for appellant.

*Smith & Sovik (John Timothy Smith, Sr., Martin F. Kendrick, Franklin J. Schwarzer* and *James A. O'Shea* of counsel), for respondent.

*Per Curiam.* Respondent appeals from a final order reducing the real estate tax assessment on petitioner's real property in the City of Syracuse from $258,800 to $180,000. The plot is

25.12 feet wide and 132 feet deep. It abuts on South Salina Street in front and on Bank Alley in the rear. It is improved by a five-story brick building constructed in the year 1882, which was improved and remodeled in the years 1954 and 1955 at a cost of $250,000. The property was purchased by petitioner for $295,000 in 1955 from a holding company controlled by the estate of the previous owner who had recently died. The price paid upon this sale furnishes some, although by no means conclusive, evidence of value. It is only one element for consideration weighed with all other relevant factors. (*People ex rel. Four Park Ave. Corp.* v. *Lilly,* 265 App. Div. 68; Lee and Le Forestier, Review and Reduction of Real Property Assessments, § 1:18, pp. 14, 15; *Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 162.) Petitioner's president testified that he entered into a contract to buy the property on July 20, 1955, and completed purchase of it in September, 1955, by assuming a savings bank mortgage on the property in the amount of $193,000. He gave a further mortgage for $47,000 and paid $46,500 which, with the down payment of $10,000, satisfied the purchase price and adjustments. He took over $230,000 of fire insurance on the building which was reduced in 1959 to $200,000. "In determining what weight is to be accorded such testimony, the time, the place, the circumstances and the conditions of the sale must be explored." (*People ex rel. Four Park Ave. Corp.* v. *Lilly, supra,* p. 71.) "[F]ew sales are made in accord with the theoretical standard of a willing buyer and a willing seller. Buyers are naturally prone to seeking bargains — opportunities to buy at a price that would give an unusually high return". (*Matter of City of New York* [*Maxwell*], *supra,* p. 162.) "Value * * * is dependent upon long term factors and is directly related to the intrinsic worth of the property that resists the impact of temporary and abnormal conditions." (*People ex rel. Buck* v. *Rapp,* 36 N. Y. S. 2d 790, 796, affd. 266 App. Div. 709.)

It is apparent that the property had to be sold to settle the estate of the previous owner. The proof of the facts and circumstances of the sale does not warrant the giving of great weight to the amount paid, as evidence of the value of the property. Petitioner's expert estimated the reconstruction cost of the building at $318,200 and the present depreciated value at $127,304, notwithstanding the repairs and improvements which had been made to the property at a cost of $250,000 only five years prior to the assessment date. Respondent-appellant's expert estimated reconstruction cost at $332,658.24 and the present depreciated value at $259,473.43. The land was appraised by petitioner's expert at $153,000 and by respondent-

appellant's expert at $288,653. Evidence of the value of the property is buttressed by evidence of $193,000 savings bank mortgages and the additional $47,000 bank mortgage on it. (*Matter of Dunn Garden Apts.* v. *Commissioner of Assessment & Taxation of City of Troy,* 11 A D 2d 879; Banking Law, § 235, subd. 6, par. [a].)

Property in the City of Syracuse was assessed at 60% of its value. The land assessment of $194,800 indicated a full land value of $324,667. Special Term found the full value of the land to be $200,000 and the full value of the land and building to be $300,000. Considering the sale of the property to petitioner in 1955 for $295,000, the recent rehabilitation of the building at a cost of $250,000, the reconstruction cost of the building, the location of the land, the frontage of two streets and the value of the land, we find that the value of petitioner's real property on the assessment date was $400,000, which, assessed at 60%, requires that the assessment of the property be reduced from $258,800 to $240,000. (Cf. Real Property Tax Law, § 502, subd. 3.)

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Final order unanimously modified by fixing the assessed valuation of the real property at $240,000 and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made.