■ In the Matter of WITHERBEE COURT CORPORATION, Appellant, v ASSESSOR OF THE VILLAGE OF PELHAM MANOR et al., Respondents. (And Another Proceeding.) In the Matter of WITHERBEE COURT CORPORATION, Appellant, v ASSESSOR OF THE TOWN OF PELHAM et al., Respondents. (And Two Other Proceedings.)—In five proceedings to review the assessments of certain real property for the tax years 1982 through 1984, the petitioner appeals, by permission, from an order of the Supreme Court, Westchester County (Sullivan, J.), entered March 5, 1986, which granted the respondents' motion to reopen the trial to permit the introduction of evidence of a certain sale of the property.

Ordered that the order is affirmed, with costs.

The property that is the subject of these assessment proceedings was sold in November 1985, after the trial in this case was concluded but before the court had rendered any decision. The sale price was alleged to be $3,890,000, or about $3,000,000 more than the petitioner's witnesses had claimed at the trial that the property was worth. This price could well have a bearing on determining the value of the property as of the taxable status dates which occurred in 1982, 1983 and 1984 (People ex rel. Four Park Ave. Corp. v Lilly, 265 App Div 68, 70, 72; People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Commrs., 196 NY 39, 50-51; Matter of Woolworth Co. v Tax Commn., 20 NY2d 561) and the court properly exercised its discretion to admit such evidence (People ex rel. Four Park Ave. Corp. v Lilly, supra, at 72; see, Sears, Roebuck & Co. v

*Assessor of City of White Plains,* 66 AD2d 777). Nor does RPTL 720 (3) (as amended by L 1985, ch 878; L 1986, ch 679), which concerns evidence that the property is assessed at a higher percentage of full market value than other property on the assessment roll, limit evidence here where the parties also disputed the property's correct full market value *(see,* RPTL 706 [1]). Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur.