Ferne, Admrx., *v.* Chadderton, Appellant.

Argued October 6, 1953. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Carroll Caruthers,* with him *William F. Caruthers* and *Ben H. Marks,* for appellants.

*Fred B. Trescher,* with him *Kunkle & Trescher,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 17, 1953:

On the evening of January 24, 1945, between 6:30 and 7:30 o'clock, a tractor-trailer, being operated up a steep ascent on an ice-and-snow encrusted highway over Freeport Hill at Garvers Ferry in Westmoreland County, failed of traction, slid and skidded backward, turning and twisting in its descent until, when it finally stopped, the tractor covered the right side of the road and the trailer jack-knifed across the highway, its rear wheels imbedded in the adjoining ditch. The multiple-vehicle thus blocked the highway in both directions. Night having fallen, with darkness enveloping the entire area, the operator Herbert Groce became charged with an immediate duty to warn all wayfarers of the hidden danger serpentinely stretched across the Freeport Hill road.

Although the tractor still flickered its feeble headlights, the trailer, on the other side of the highway, carried no illumination whatsoever. The peculiar topography of the adjacent terrain, and the contour of the road itself, masked the trailer so that it would not be visible to any approaching vehicle until it was within 100 or 125 feet of its lurking presence. Common prudence and a due regard for the safety of others dictated to Groce the imperative necessity of setting up flares. More than that, an Act of Assembly required him to do so.* He ignored both his moral and legal responsibilities in the circumstances, and the accident, which is the basis of this lawsuit, inevitably resulted.

Harry A. Ferne was driving a tank truck in a northwardly direction on the Freeport Hill road (Groce had

---

* Vehicle Code of May 1, 1929, P. L. 905, section 824 (added to the Code by the Act of May 25, 1933, P. L. 1064, and as subsequently amended).

been proceeding southwardly) that night. Surmounting the crest on the highway and starting down the descent approaching the scene of Groce's derelict in the ice and snow, Ferne did not see the obstruction until within some 100 feet of it. Applying his brakes, the tank truck skidded, veered to the side of the road, and crashed against the guardrail throwing Ferne violently against the steering wheel. From this impact Ferne sustained serious injuries in and about his chest. On October 22, 1945, 10 months later, he died.

The verdict which the plaintiff (decedent's widow) received at the first trial of this case was appealed to this Court and the requested motion for judgment n.o.v. was denied. The case was sent back, however, for a new trial for reasons not necessary to relate here.

At the second trial, the new jury also found for the plaintiff, and the defendants (Groce and his employer Edward W. Chadderton, trading and doing business as Chadderton Truck Lines) have again appealed, once more seeking judgment n.o.v., and, failing in that, another trial. No new facts were presented at the second trial which would warrant any change in our decision of November 14, 1949, where Mr. Justice HORACE STERN (now Chief Justice) fully treated the questions of fact, so far as judgment n.o.v. is concerned.**

In behalf of their motion for a new trial, the defendants maintain that the court below erred in allowing the plaintiff Mrs. Esther Levina Ferne to testify that when her husband returned from the accident he told her he had "had an accident." She also described the bruises on his chest and noted that he was complaining of pain. In addition, she testified that she saw the truck which her husband had op-

---

** 363 Pa. 191.

erated that night and observed that it was seriously damaged.

Two doctors (A. H. Colwell and Gordon Jones) testified that in their opinion the decedent's death was the result of the injury he sustained on January 24, 1945. Thus, even if Mrs. Ferne's testimony in this regard were to be withdrawn from consideration, sufficient and substantial piers of evidence remain upon which to build the bridge between Ferne's accident of January 24, 1945 and his death of October 22, 1945. *Foulkrod v. Standard Accident Insurance Co.*, 343 Pa. 505, is a case directly in point. The wife of the decedent testified that shortly after the accident there involved, her husband came into her presence very much shaken. She asked him what had happened and "he said the stool had broken and had thrown him to the floor, and it had hit him in the chest." The jury returning a verdict in favor of the plaintiff, the defendant appealed, assigning this statement on the part of the widow as reason for a new trial. In affirming the verdict we said: "But, even if these statements were completely taken out of the case, he [the doctor] still based his conclusion as to this causal connection upon the history obtained from insured of the injury which was received to the chest, his own clinical examination, the progress of insured's condition as he personally observed it, and an examination of the heart following the autopsy." (p. 509)

The appellants argue also that the lower court erred in permitting Dr. Jones to testify to the history given him by the patient, namely, "The patient was driving his truck on the road and sustained an injury to his chest. That was his chief complaint, pain in his chest." It has long been the law in this Commonwealth that a doctor may testify to the symptoms and history of anatomical violence related by a patient,

which enable the doctor properly to treat and prescribe for the patient. In *Boyle v. Phila. Rapid Transit Co.,* 286 Pa. 536, we affirmed, where a physician had testified that the patient had told him she had received a violent blow: "In the present case the physician was merely testifying to the condition of the patient and his diagnosis of her ailment based on answers made by her to his questions. The diagnosis was thus made on the combined evidence of information received from his patient, corroborated by perceptible body marks, such as bruises on various parts of the body, etc., which she said were the result of the accident."*

In *Eby v. Travelers Ins. Co.,* 258 Pa. 525, 534, this Court said: "It is well settled that a physician may testify in favor of his patient to a statement by the latter in relation to his condition, symptoms, sensations and feelings made for the purpose of receiving medical advice. Such statements are in the nature of hearsay and, therefore, would be excluded under the general rule, but the courts admit them on the ground of necessity, as being incapable of proof by other evidence."

Although it appears that the decedent had had a heart condition of some kind prior to the accident, the two plaintiff doctors categorically stated that his death was the result of the injuries resulting from the accident. The causal bridge between the accident and the death was not attacked by any independent medical testimony on the part of the defendants.

The appellants complain that the court failed to properly instruct the jury on "present worth" of damages. At the termination of the charge, defendant's counsel asked the court to charge on present worth

---

* See discussion also in case of *Kelly v. Martino,* 375 Pa. 244, filed this date.

and the court did so. The addendum was rather meager, but we are not prepared to say that it did not fill the breach left in the body of the charge on this subject.

We see no merit in the contention that the court's charge on the matter of presumption of due care was erroneous and misleading. The court affirmed the defendants' fifth point which read: "The presumption that a person who has been accidentally killed was exercising due care and diligence has no application where the evidence shows affirmatively all the circumstances of the accident, and such circumstances conclusively establish decedent's contributory negligence."

Upon request by plaintiff's counsel, the Court then defined presumption of due care, adding that the presumption "is always so open for rebuttal."

Judgment affirmed.