JARED I. WHITAKER, administrator, etc., plaintiff in error, *vs.* JOHN C. SMITH and BERTRAM DEVAUGHN, administrators, etc., defendants in error.

1. When leave has been granted by the Ordinary to an administrator to to sell real estate and negroes upon a proper application, the order of the Court granting such leave is a judgment of that Court, and cannot be rescinded, vacated or revoked by the Court at a subsequent term only on notice to the administrator, and for proper cause shown.

Appeal from Court of Ordinary in Fulton Superior Court. Decided by Judge BULL, at November Term, 1861.

This case was submitted to the decision of the Court by agreement of counsel, upon the following statement of facts:

At the September Term, 1860, of the Court of Ordinary of Fulton county, on the joint application of Jared I. Whitaker and John C. Smith, co-administrators of the estate of C. W. Smith, said Court passed an order empowering them to sell the real estate and slaves belonging to said estate, and at November Term, 1860, said Court appointed said Whitaker and John C. Smith and Bertram Devaughn guardians of the minor children of said C. W. Smith.

At the December Term, 1860, said Court of Ordinary, on the sole application of John C. Smith, one of said administrators and guardian of two of said minors, and of Devaughn, guardian of one of said minors, passed an order revoking the order to sell said real estate and slaves without any notice of said last application to Whitaker, the other administrator and guardian. At the same term the Court, on motion of Whitaker, passed a rule *nisi* requiring Smith and Devaughn to show cause why the order that day passed, revoking the

order to sell, should not itself be set aside and the order to sell be left in full force, on the ground that he had no notice of said application, and that the Court had adjourned that passed the order to sell. On the hearing of the rule the Court refused to make the same absolute, holding that it could legally grant the order of revocation without notice to Whitaker and at a subsequent term of the Court.

From this decision Whitaker appealed, and upon argument before Judge Bull, he decided that it was competent for the Court of Ordinary to revoke the order to sell the real estate and slaves, on the application of either of the co-administrators without notice to the other, and that the Court might do the same on the application of either of them, merely at its own instance, and that this might be done either at the term when the order to sell was granted or at any subsequent term, and without notice to either administrator. To this decision plaintiff excepts.

BLECKLEY, for plaintiff in error.

STONE, *contra.*

*By the Court*—LYON, J., delivering the opinion.

By the statutes of the State an administrator, to obtain leave of the Court of Ordinary to sell real estate or negroes, must publish a notice of his intended application in a public gazette of the State for four months, in terms of the law. After this publication and application made and granted by the Ordinary, the order of the Ordinary, granting the leave to sell, is as solemn and conclusive a judgment as any that Court can make or render, and it cannot be vacated, rescinded or revoked by that Court, except in the same manner as other judgments of that Court, upon notice to the administrator and for good cause shown. Indeed, if persons interested in the lands or negroes object to the sale, and for proper causes, such objections ought to be filed before the grant of the order; that is the object of the publication.

Let the judgment be reversed.