ALFRED WOOTEN, plaintiff in error *vs.* PERRY WILKINS, defendant in error.

1. Although this Court may not be entirely satisfied with the verdict of a jury, yet, if the Court below refuses a new trial, this Court will not interfere to grant a new trial, unless the verdict be manifestly the result of prejudice, mistake or corruption in the jury.
2. In an action by a father for the seduction of his minor daughter, the dying declarations of the daughter, as to who was the father of her child, are inadmissible as evidence for the plaintiff.

Dying declarations. Motion for new trial. Before Judge GREEN. Spalding Superior Court. February Term, 1869.

Wooten brought case against Wilkins for the seduction of his minor daughter, averring that she bore a child begotten by Wilkins, and she and the child died, and that thereby he lost her services and that of her mother, (in waiting upon her and the child,) and paid physician's bills, traveling expenses, burial expenses, etc. All the facts as averred, were proved, except that she was seduced, and that Wilkins was the seducer. Upon these points the following circumstantial evidence was offered: Two letters written by one of the witnesses for Wilkins, to said daughter, in which he speaks of great anxiety to see her, etc., but made no allusion to sexual intercourse. Her mother testified to the color of the child, (which lived a few weeks) and that it favored Wilkins; and a physician, as an expert, stated facts in his science going to show that a child begotten by Wilkins, probably would have had such color. It was shown that Wilkins frequently visited her at and before the date of her pregnancy, but there was no evidence of their being seen in any suspicious situation; and it appeared that other men stayed at the house where she was a servant. (It was stated in argument here, that the parties were negroes.)

During the trial, plaintiff's attorney asked the mother who the daughter said was the father of the child, and under what circumstances she said it, and stated that he wished to prove this as her dying declarations. The Court would not allow the witness to answer the question. The verdict was

for defendant. A new trial was asked for, upon the grounds that the Court erred in refusing to allow said question answered, because the verdict was contrary to law and the evidence, and for certain newly discovered evidence. This last ground was not insisted upon. The Court refused a new trial, and that is assigned as error.

SAMUEL D. IRWIN, for plaintiff in error, said the rule, section 3728 of Irwin's Code, confining dying declarations to homicides, was subject to exceptions, and cited McFarland vs. Shaw, 2 N. Car., L. Repository, 102, (which was case by a father, for seducing his daughter,) 1 Gr., Ev., 156; 1 Phil., on Ev., 285, and notes.

DOYAL & NUNNALLY, for defendant.

McCAY, J.

We will not disturb the verdict in this case. There may be some reason from the testimony to think that the defendant is the guilty party, but, as we have had occasion frequently of late to remark, this Court is no jury, nor does it have jurisdiction over questions of facts decided by a jury, unless that decision be so manifestly wrong as to make it *illegal.* This is not such a case, the testimony is not decided and clear either way, and the jury might well have found as they did.

1. Our brother Irwin, who argued this case, took a deep interest, as was right, in seeking the punishment of one, who, as he thinks, had wronged his servant; but the jury have not considered his evidence strong enough to authorize a verdict for him, and, with the proof as it is, we cannot help him. The province of the jury is to decide upon the facts, and unless there be evident mistake, passion or prejudice,so as to satisfy us that the jury have misused the power placed in their hands, we will not misuse the power placed in our hands to disturb their finding.

2. We think there was no error in the Judge in refusing to admit the statements of the girl made in view of death. The

rule has been well settled in England, time out of mind, that dying declarations, are only admissable in a case of homicide, and when there is a criminal proceeding against the slayer, and " the declarations are of the circumstances attending the act producing the injury." 2 Leach 256 ; 1 Leach 378 ; 2 B. and C., 605. Welborn vs. Bairem, 15 John., 286. Rex vs. Loyd, 4 C. and P., 233.

In the two cases 6th East. 188, and 3 Burrows, one stands on the ground of *res gestæ*, and the other upon the ground of " the declarations of a person, since deceased *against his interest*," and are admissible as such. Code of Georgia, section 3723.

Both these cases are the statements of persons as to their own guilt, and are strongly contrary to their own interest, as well as deeply mortifying to their pride.

The case read from North Carolina, McFarland vs. Shaw, 2 N. C. Law R., 102 is, we admit, in point. But, much as we respect the Court which made it, we do not feel authorized to adopt it. It is directly contrary to the whole current of authority. This is by no means a new question ; it has often been made before, and so far as we have been able to discover the case in North Carolina stands alone. We will not say that there is not, perhaps, as much reason for admitting the evidence in a case like this as in one of a homicide. But when a rule has been well settled, we deem the fact that it is not consistent with principle, or with other rules, no reason for the Courts to set it aside. Courts ought not to make law. That is the province of the Legislature. They only interpret and declare the law, and though we doubt not the Court in the North Carolina case, was doing what it thought a good work, in straining a point to catch a guilty person, we think they erred. Had they said the rule they laid down, ought to be the law, we might, perhaps, agree with them, but, we do not agree that it is the law, and we think the authorities are uniform to the contrary.

Judgment affirmed.