F. EGGERS VENEER SEATING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 3, 1918—January 7, 1919.*

*Workmen's compensation: Rupture: Right to compensation: Evidence: Competency: Employer's report of accident: Formal offer in evidence not necessary: Testimony of physician: Proximate cause of injury.*

1. Where an employee, in the performance of his duties, sustained a rupture of the small intestine which was caused by the fall of an elevator and resulted in his death on the next day, the fact that he would not have been hurt very badly if he had not been ruptured before the accident or if he had not been wearing an improperly fitting truss did not affect the right to compensation under the statute.
2. A report of the accident filed by the employer with the industrial commission, stating that the operator of the elevator lost control of it and it fell and that the deceased was in the car and was injured, was competent evidence at the hearing before the commission, even though not formally offered in evidence, and established a *prima facie* case.
3. The testimony of a physician that, when called to attend the employee within an hour after the accident, the injured man

told him that the drop of the elevator hurt him, and that when he examined the injured intestine and the imperfect truss he concluded that the shock caused by the drop of the car was the primary cause of the injury, was competent and was sufficient to warrant a conclusion that the injury was proximately caused by the accident.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought by the plaintiffs to set aside an award of the *Industrial Commission* by which *Hermeline Lesperance* was awarded $2,016 as compensation for the death of her husband from injuries which it is alleged he suffered while in plaintiff's employ and which arose out of and were incident to his employment.

It is claimed that John Lesperance, a man seventy-two years of age, who had been suffering from rupture for seven years, was injured when an elevator belonging to the plaintiffs dropped some distance, producing a rupture of the small intestine which resulted in his death on the following day. The plaintiffs claim that the evidence shows that the elevator did not drop, as is alleged by the defendants, and that Lesperance had been wearing an improperly fitting truss, which was the proximate cause of the ruptured intestine.

The *Industrial Commission* found that John Lesperance, while performing service growing out of and incidental to his employment, accidentally sustained the alleged personal injuries which resulted in his death, and awarded to the widow, *Hermeline Lesperance,* the sum of $2,016.

The circuit court found that the *Commission's* award is sustained by evidence to the effect that the elevator on which decedent was riding did not operate properly, and held that "The fact that the decedent would not have been hurt very badly if he had not been ruptured before the accident or if he had had a properly fitting truss does not change the situation. Neither negligence in wearing an improperly fitting truss or predisposition to injury affect the right to claim compensation under the workmen's compensation act."

Judgment was entered sustaining the award of the *Industrial Commission,* from which judgment the plaintiffs appeal.

For the appellants there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

For the respondents there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, attorneys for the *Industrial Commission,* and *F. W. Dicke* of Two Rivers, attorney for *Hermeline Lesperance;* and the cause was argued orally by *Mr. Gilman* and *Mr. Dicke.*

SIEBECKER, J.   The appellants insist that the evidence does not support an award, for the reason that the alleged falling of the elevator was not the proximate cause of Lesperance's death.   The claim is made that it conclusively appears that his death was solely caused by the defective truss he wore at the time he was riding in the elevator, and hence his injury is not attributable to the fall of the elevator and it cannot be said to be the natural consequence thereof.   This position of appellants is based on the ground that the statements of Dr. Gates of what Lesperance told him concerning the history of his ailment and the relation of the accident to his injury, and the admission of the employer in its report of the accident to the *Industrial Commission,* are not competent as evidence to sustain an award.   The employer made and filed a report of the accident pursuant to the Rules of Practice of the *Industrial Commission* (Rule 2), stating that the elevator operator lost control of the car and that it dropped to the bottom; that Lesperance was in the car and was injured.   The contents of this report are competent and establish a *prima facie* case.   *First Nat. Bank v. Industrial Comm.* 161 Wis. 526, 154 N. W. 847.   The provision of sec. 2394—16, Stats., clearly contemplates that the *Commission* may cause the facts pertaining to industrial accidents to be ascertained by them in this manner and may be considered by them on final hearing.   The evidence of the at-

tending doctor is, in substance, that the deceased informed him, when he was called to his attendance within about an hour after the alleged accident, that the drop of the elevator hurt him, and that when he examined the injured intestine and the imperfect truss he concluded that the shock caused by the drop of the elevator was the primary cause of the injury to the intestine. This evidence is of such substantial character that a reasonable conclusion can be drawn therefrom that the injury was proximately caused by the accident. Such evidence was held to be proper proof on the subject in *Wright v. Kerrigan,* [1911] 2 Irish Rep. 301; *First Nat. Bank v. Industrial Comm., supra.* The objection that the employer's report of the accident was not formally offered in evidence is not well taken. The employer was fully aware of the contents of this report. If any corrections thereof were deemed necessary they should have been brought to the attention of the commissioners upon the hearing. The proceedings before the *Commission* are not to be hampered by useless formalities nor technicalities. *Anderson v. Miller S. I. Co.* 169 Wis. ——, 170 N. W. 275; *Carroll's Case,* 225 Mass. 203, 114 N. E. 285; 1 Bul. Illinois Ind. Board, 178; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

The record clearly sustains the circuit court in holding that the award is sustained by the evidence.

*By the Court.*—The judgment is affirmed.

OWEN, J., took no part.