### Hill, Admrx. v. North America Accident Ins. Co.

(Decided October 28, 1919.)

Appeal from Campbell Circuit Court.

1.  Trial—Evidence—Submission to Jury.—Where there is any competent evidence tending to support the theory of the plaintiff, even though it be but a scintilla, it is the duty of the trial court to submit the case to the jury.

2. Evidence—Physicians and Surgeons.—A physician who testifies concerning the history of a case, which was given to him by his patient at the time he began to treat him, may only state such facts from the history of the case as were necessary to enable him as a physician and surgeon to diagnose the case which he was about to treat, and which facts were given him by his patient to enable the physician to understand the nature of the injury and the treatment required.

3. Witnesses—Death from Accidental Injury.—Where a witness testifies to a fall by the deceased over a handbag on a passenger train on the 12th of January, and the patient on the 28th of the month in relating the history of his injury to his physician, who later testified, tells his physician that his injury was caused by a fall over a grip on the 12th of January, and that severe pains in the region of his liver where he was struck by the grip, immediately set up and continued until his death, such facts were sufficient to warrant a jury in concluding that the death of the patient resulted from an accidental injury occurring on a passenger train on the 12th of January.

JUDSON SHUEY, L. J. CRAWFORD and L. J. CRAWFORD, JR., and HAZELRIGG & HAZELRIGG for appellant.

J. E. SHEPHERD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

On the first appeal of this case the judgment was reversed, (1) because of the introduction of incompetent evidence over the objection of the insurance company; (2) because there was not sufficient evidence to sustain the verdict which on that trial was for $2,500, the full amount of the policy. (Hill's Admr. v. North America Accident Insurance Company, 182 Ky. 125).

On the second trial the incompetent evidence complained of was not offered, and that objection is not now presented, but the trial court sustained a motion made by the insurance company for peremptory instruction on the ground that there was not sufficient evidence to entitle the administratrix to have the case go to the jury.

Without passing upon the credibility of the witnesses or the weight to be given to the evidence offered by the administratrix, it appears to us that there was sufficient evidence upon the last trial to have warranted the trial court in submitting the case to the jury. The plaintiff below largely supplemented her evidence upon the second trial.

Hill, a traveling salesman, held a policy of accident insurance in appellee company, conditioned to pay the beneficiary the sum of $2,500 on the death of Charles H. Hill, provided the death resulted "from bodily injuries inflicted through external, violent and accidental means and solely and independently of all other causes within thirty days of the event causing such injuries; and only if such injuries shall occur while actually riding as a passenger in a place regularly provided for the transportation of passengers only, within a railroad car provided by a common carrier for passenger service."

Hill received the injury by a fall on a passenger train on January 12, 1916, while said policy was in full force and effect. He died on the 9th of February following, which was within thirty days from the date of the injury. Upon the first appeal there was no competent evidence to prove that the accident complained of happened upon a passenger train, as provided by the terms of the policy.

The only evidence on that subject was given by the attending physician, who related to the jury the history of the case given to him by the deceased when he began treating him for the injury about the 28th of January, and we held that such evidence was not competent to prove where the accident happened, but only how the injury occurred, its nature, extent and the pain it caused, and only such facts as would aid the physician in diagnosing the case and in treating the hurt were admissible. Upon the second trial the daughter of deceased was introduced, who testified that her father, carrying a suitcase and handbag, boarded a moving passenger train in Cincinnati, and on entering the car, fell across his handbag, on January 12, 1916. The physician, Dr. Spitzelberger, who made the examination of the injury, after the return of Hill, about January 28th, testified that Hill in giving the history of the accident which produced his injury, stated that he had fallen across a grip on the 12th of January, inflicting a severe injury in the region of his liver, and this evidence was competent to prove the injury, its nature and extent and the time it occurred, but not that the accident happened on a passenger train because that was not necessary to enable the physician to diagnose or treat the case. It was proper, however, for the physician to tell the date of the injury related by Hill. The same physician also testified that he had shortly be-

fore the 12th of January made a thorough physical examination of Hill and had found him in perfect health. He also testified that Hill's history of his trouble included a statement to the effect that on the occasion of the fall across the grip, on the 12th of January, he immediately suffered great and excruciating pain in the abdomen, which continued uninterruptedly from that time up to and including the time of the death of Hill; that before he fell Hill had experienced no pain in the abdominal region; that such a fall could and probably did bruise or cause traumatism of the liver; that such an injury could and probably did result in the ascitic condition found to exist in Hill's abdomen immediately before and at the time of his death, and which was the direct and proximate cause of Hill's death. There was other evidence, including that of Dr. Herman, which tended to support that of Dr. Spitzelberger, while the company introduced other physicians and surgeons who in a measure contradicted what Dr. Spitzelberger and Dr. Herman gave in their testimony. The evidence being contradictory, the question of fact was properly triable by a jury. Assault was also made upon the testimony of the daughter, Carrie Hill, who was but twelve years old at the time she testified, and appears to have been only eight years old at the time of the accident. But the credibility of this witness must be determined by the jury and not by this court.

We feel constrained under all the facts to the opinion that the trial court erred in sustaining the motion for peremptory instruction. Upon another trial, if the evidence is in substance the same as upon the last trial, the court will submit the case to the jury under proper instructions.

Judgment reversed for proceedings consistent with this and the former opinion.