## 25294. ALEXANDER *v.* BREMEN.

STEPHENS, J. 1. To entitle a claimant to compensation under the workmen's compensation act the relation of master and servant must exist between the alleged employer and the claimant. Where A, who contracted to buy a car-load of metal junk from B at an agreed price per ton, entered into a contract with C to sell him the junk at an agreed price per ton laid down and delivered to C, and where B refused to permit the junk to be moved until A paid the balance due on the purchase-price, and where A, who had no money to pay B, caused B to get into communication with C, with the result that C sent B a check in an amount more than sufficient to pay the balance due B by A on the purchase-price of the junk, the amount in excess being intended to be paid to A and which A received, and where B, after the receipt of the check, allowed the car-load of junk to be moved, and B, at C's request concurred in by A, shipped the junk to C and made the bill of lading to C, and where C on receipt of the junk paid A an amount which represented the balance due A under his contract with C, less the freight charges on the junk which C had paid, and the amount which C advanced to B, and where out of the money which C paid to A, including the advancement made to A in the check which C sent to B, A paid the laborers who had assisted in loading the junk on the freight-car preparatory to its shipment to C, A, in purchasing the junk from B and reselling it to C, and in employing laborers to load the junk on the freight-car preparatory to its shipment to C, was not acting as the agent of C, but was an independent contractor, and C was not liable to one of the laborers for compensation under the workmen's compensation act for injuries received while loading the junk on the freight-car.

2. Where the uncontradicted evidence construed most strongly in favor of the claimant, adduced on the hearing before a director of the Department of Industrial Relations of a claim for compensation by the injured laborer against C, was as above indicated, the award of compensation was without evidence to support it and was contrary to law. The judge of the superior court did not err in sustaining the defendant's appeal from the judgment of the department approving the award to the claimant by the director.

3. A statement to the claimant, by the person who had actually employed him, made at the time of employment and also at the time of the injury, that the person who employed the claimant worked for the defendant and that the defendant carried insurance, was hearsay evidence and had no probative value as tending to establish as a fact that the person who actually employed the claimant was employed by the defendant and was the defendant's agent in employing the claimant. There being no evidence otherwise tending to prove such agency, the statement was not admissible as a declaration by an agent.

4. Whether a defendant in a claim for compensation, in a hearing before the director of the Department of Industrial Relations, is not liable as a matter of law to pay compensation, on the ground that he was doing business under a trade-name without having registered as required by law where a person does business under a trade-name, there is no evi-

dence in this case that the defendant who was doing business under a trade-name had not registered as required by law.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., disqualified.*

DECIDED JULY 9, 1936.

R. C. Jenkins, D. D. Veal, for plaintiff in error.

Samuel A. Eplan, John A. Dunaway, Bryan, Middlebrooks & Carter, contra.