27670. GULLATT, administratrix, *v.* THOMPSON.

Decided December 5, 1939.

*Ellis McClelland, J. Wilson Parker,* for plaintiff.
*G. B. Walker, H. A. Allen,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.)   The evidence authorized a finding that Mrs. Martha Ann Thompson, the deceased, delivered to the defendant, her son, the sum of $2500, in consideration of his taking care of her and providing a home for her during the remainder of her life, and that he performed such services for her.   The evidence was also sufficient to authorize the finding that the defendant had expended for and in behalf of his mother money which she had had in her possession before her death and which had come into his hands.   While there was evidence that after Mrs. Thompson's death the defendant had manifested a willingness to repay this money to her estate, and had suggested that he be given terms upon which to pay it, or that he would make a compromise of the heirs' claim against him for the payment of this money to Mrs. Thompson's estate, there was also

evidence that the defendant in making such statements and at other times had stated and contended that he did not owe the money to the estate, and that the money rightfully belonged to him under his agreement and contract with his mother, but that he was willing to pay or to compromise with the heirs to avoid a lawsuit. Such statements by the defendant, if made (and many of which he denied having made), were mere extrajudicial admissions, the making of which were subject to explanation; and, when considered in connection with the other evidence to the effect that the deceased paid the money to the defendant in consideration of his caring for her and giving her a home, do not demand a finding as a matter of law that the defendant owed the money to Mrs. Thompson's estate.

There were introduced in evidence certain stricken portions of the defendant's original plea and answer in which he alleged that the $2500 had been delivered to him as a gift by his mother with the understanding that if she ever needed it or called for it or any part of it he would pay it to her, but that if she never called upon him for it the money was to be his in payment for his kindness in taking care of her throughout the long period of years she lived with him from 1916 until her death in 1936; that she had never called for it; and that he had performed the services for his mother on account of his love for her, and because he wanted her in his home and took pleasure in furnishing her every comfort he could during her declining years. On the trial of the present case the defendant testified that he had testified on the former trial that his statements in the stricken portions of his plea and answer were true and correct. He testified upon the present trial that he accepted the $2500 from his mother as his own, provided she never called for it in her lifetime, and that he was to use it as his money and it was to be his until she did call for it; that if she never called for it the money would be his, and that she had never called for the money. It is insisted by the plaintiff that under this testimony of the defendant, including these admissions in the stricken plea and answer, the testimony of the defendant himself established conclusively and without dispute that the money was not given to him by his mother in payment for services rendered by him in furnishing her with board and lodging; but that it was her money which she had merely deposited with the defendant with

the right reserved to recall it at any time, and that therefore the defendant acquired no right, title, or interest therein.

It is insisted that the testimony of the defendant himself must be taken in preference to the testimony derived from any other witnesses which might authorize any inference to the contrary, and that the testimony of the defendant established conclusively and as a matter of law that he was not entitled to this money, but that his mother, during her lifetime, was entitled to it and that upon her death the right, title, and interest therein passed to the administrator for the benefit of the heirs and creditors of the estate. Whether or not the defendant would be bound as a matter of law by his testimony irrespective of any testimony to the contrary from other witnesses, his testimony did not necessarily and as a matter of law bear the construction that the money was not given to him by his mother pursuant to a contract and agreement by which, in consideration thereof, he furnished her board and lodging during the remainder of her life. The facts, as appeared from the statement of the defendant, whether in his testimony or in the stricken portion of his plea and answer appearing in evidence, that the deceased delivered the money to him as a gift with the understanding that if she ever needed it or called for any part of it he would pay it to her and that if she never called for it it was to be his, and that he accepted the money under these terms, when taken in connection with other evidence, including that contained in the defendant's stricken plea, that he performed the alleged services for his mother on account of his love for her, that he wanted her in his home, and took pleasure in furnishing her every comfort he could command during her declining years, were perfectly consistent with the existence of a contract between him and his mother by which, in consideration of the payment to him of the money, he was to furnish her board and lodging for the balance of her life, which he did.

The evidence authorized the inference that the defendant was willing to furnish the services to his mother without pay and solely on account of his love for her. It is conceivable that, under such circumstances, notwithstanding the money may have been paid to him by his mother in consideration of his promise and undertaking to furnish her with board and lodging during her life, as he contended was the contract, he would be willing at any time, upon her

needing the money, or upon her request for the money, to give it back to her, and to furnish such services to her without pay. He would not have earned the money in its entirety, under any theory of the evidence and the inferences deducible therefrom, until his mother had died and he had fully performed the services. If · the mother had any legal right to reclaim the money at any time after she paid it to him, her depositing the money with him under an arrangement and agreement by which it was paid to him in consideration of his agreeing to furnish or furnishing her with a home and taking care of her until she died, amounted to a continuing offer by her to him, while the money was on deposit with him, in the absence of her reclaiming it, of the money, in consideration of his supporting her for the balance of her life. When she died without having recalled the money and he had furnished the services to her as contracted for, the offer was then accepted and the money belonged to him in consideration of the services which he had performed. The testimony of the defendant therefore, including the admissions referred to, does not demand a finding that he was not entitled to the money, and that the money was not paid to him in consideration of services which he actually rendered to his mother.

It is insisted by the plaintiff that it has been adjudicated by this court in the former decision of this case that the evidence demanded a verdict for the plaintiff; that that is the law of the case; and that upon this ground the evidence demanded a verdict for the plaintiff; that the verdict for the defendant is without evidence to support it and that the judgment overruling the motion for new trial on the general grounds should be reversed. There is no merit in this contention. In that decision it was held by the majority of the court that "the plea of the defendant when properly construed sets up title to the $2500 which he alleges was delivered to him by his mother on the sole ground that the money was delivered to him as a gift, and that since, as appears from the defendant's plea, under the ruling hereinabove made, the delivery of the money to the defendant did not constitute a gift from his mother to him, that therefore the verdict found for the defendant was without evidence to support it but that a verdict and judgment for the plaintiff were as a matter of law demanded." The court in that case construed the defendant's plea as setting up title to the money

solely upon the ground that it had been delivered to him by his mother as a gift. It appeared from the evidence in that case, as ruled by the court, that there was no gift of the money by the mother to the defendant, and since otherwise the money did not belong to the defendant but belonged to the plaintiff, the administratrix was entitled to recover. The defendant has since stricken that portion of his plea in which he alleged that the money was delivered to him as a gift, and has set up that the money was paid to him by his mother in consideration of his services in taking care of her and furnishing her a home as long as she lived. The evidence adduced upon the present trial was sufficient to sustain this amended plea of the defendant. Therefore, under the former decision of this court, a verdict for the defendant was not, upon an application of the law of the case, unauthorized.

Mrs. Tucker, the sister of the defendant, testified to a conversation which she had with the defendant shortly after the mother's death, and to Mr. Thompson's statements made to Mr. Tucker at that time. She testified that in that conversation Mr. Thompson stated to her that he guessed his mother had told her about her business, and that Mr. Thompson proposed to her that the matter be compromised; that he would pay $1000, and if he could not get a compromise to tell the girls that he would pay $2500 if they would give him time; that if his mother had lived until he got his house finished he intended to sell the house and pay his mother off. In the first ground of the amendment to the motion for new trial exception is made to the exclusion by the court from evidence of a statement made by Mrs. Tucker to the defendant, at the time referred to and as part of the same conversation, that she had stated to him: "Mother told me that you owed her but she didn't tell me how much nor I didn't ask her." This statement by Mrs. Tucker was made to Mr. Thompson in reply to his statement to her, to which she testified, that Mr. Thompson guessed his mother had told Mrs. Tucker about her business.

The above-excluded statement of Mrs. Tucker made to Mr. Thompson could be admissible only as a part of the conversation had between her and him at the time, and for the purpose only of showing his reaction thereto in a manner which would amount to an admission by him that he owed the money to Mrs. Thompson's estate. Mrs. Tucker testified, and the testimony was admitted, as

to what Mr. Thompson stated to her in this conversation, it being that he proposed a compromise, and that he stated that if he couldn't obtain a compromise he would·pay the $2500 if they would give him time, and that he had intended to pay this money if his mother had lived until he got his house finished, etc. Mrs. Tucker presumably stated in her testimony all that Mr. Thompson stated to her on this occasion in the way of an alleged admission by him as to any indebtedness to the estate. It therefore would have been no benefit to the plaintiff had this omitted statement of Mrs. Tucker been admitted in evidence for the purpose of showing and indicating Mr. Tucker's reaction to the statement and his conduct on that occasion. The admitted testimony of Mrs. Tucker shows this.

Otherwise the statement in the proposed testimony of Mrs. Tucker to the effect that the mother told her Mr. Thompson owed the mother the money was hearsay only, and was not admissible unless it amounted to a statement or declaration by the mother against her interest. It was a self-serving declaration, and was therefore not admissible as an admission. It was not part of the res gestæ, and therefore was not admissible as such. Code, § 38-309 ; *Drawdy* v. *Hesters,* 130 *Ga.* 161 (60 S. E. 451, 15 L. R. A. (N. S.) 190). This testimony was not admissible, and the court did not err in excluding it when it was offered.

In the only remaining ground of the amendment to the motion for new trial the plaintiff excepted to the charge to the jury wherein the court stated that if the jury should believe that the mother entered into an agreement, as alleged by the defendant, to pay him the $2500 in consideration of his taking her into his home and furnishing her with board and lodging throughout the remainder of her life, and that if they should believe that the agreement further was that if the mother ever needed this money or any part thereof the defendant would give it to her, and that she delivered the money to him with this understanding and he accepted it with this understanding, and that he did take her into his home and furnished her board and lodging in accordance with the terms of the agreement, this would be a valid contract between them, and the jury should find for the defendant as to the item of $2500. The exception to this charge is that it was error in that the court instructed the jury that they could find for the defendant notwith-

standing the jury should believe that the understanding between the parties was that if the mother ever needed the $2500 or any part thereof the defendant was to pay it to her; it being contended by the plaintiff that if this was the agreement and understanding the title to the money did not pass to the defendant but remained in the mother, and that if this was the agreement the estate would be entitled to collect the money notwithstanding the defendant had taken his mother into his home and had kept her there and furnished board and lodging to her for the balance of her life. There is no merit in this exception. It appeared conclusively from the evidence that the defendant took his mother into his home, that she gave him the $2500, that he took care of her and furnished her board and lodging for the balance of her life, and that she never did call for the return of the money or any part of it, and so far as appeared from the evidence she never needed the money. As we have already held that if the defendant furnished the services as agreed and the mother did not call for the return of the money the defendant was entitled to the money, the charge contained a correct statement of the law applicable to the case and was not error.

The jury were authorized to find for the defendant and no error appears. *Judgment affirmed. Sutton and Felton, JJ., concur.*